Christopher K. Gilbert (#40635)
Randall Gause (#50989)
**BURNHAM LAW, PC**
5990 Greenwood Plaza Blvd.,
Bldg. 2, Ste. 110
Greenwood Village, CO 80112
720-845-7001
chrisg@burnhamlaw.com
randall@burnhamlaw.com
*Attorney for Plaintiff*

*Pro hac vice admission pending

Jeffrey J. Steele (#10606)
Justin M. Hosman (#15634)
Alyssa J. Wood (#16613)
**STEELE ADAMS HOSMAN**
6713 South 1300 East
Cottonwood Heights, Utah 84121
jeff@sahlegal.com
justin@sahlegal.com
alyssa@sahlegal.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARC RATNER and SUSAN RATNER, | **COMPLAINT FOR DAMAGES** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | Case No. |
| SKYWEST AIRLINES, INC., and JOHN AND/OR JANE DOE 1-10 | Judge: |

|  |  |
|---|---|
| Defendants. |  |

COMES NOW Plaintiffs Marc Ratner and Susan Ratner, and makes this Complaint for Damages against Defendants SkyWest Airlines, Inc. and John and/or Jane Doe 1-10, stating as follows:

## PARTIES

1. At all times relevant herein, Plaintiff Marc Ratner is a resident of the State of Indiana.

2. At all times relevant herein, Plaintiff Susan Ratner is the spouse of Marc Ratner and is a resident of the State of Indiana.

3. Upon information and belief and at all times relevant herein, Defendant SkyWest Airlines, Inc. (hereinafter "SkyWest") was a Utah corporation with its headquarters and principal place of business in St. George, Utah.

4. Defendant SkyWest Airlines, Inc. is a commercial air carrier operating scheduled flights under Part 121 of the Federal Aviation Regulations, 14 C.F.R. Part 121, *et seq*. Defendant SkyWest Airlines, Inc. operates commercial airline flights throughout the United States.

5. Defendants John and/or Jane Doe 1-10 are individuals whose identities are currently unknown to Plaintiffs. Upon information and belief, these individuals include any of Defendant's flight crew, mechanics, training staff, contractors, or any other individuals who may be identified during discovery.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332. Complete diversity exists between Plaintiffs and Defendants, and the amount in controversy is greater than $75,000. Venue is proper pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

7. On February 2, 2019, Plaintiff Marc Ratner was a ticketed passenger on a Canadair Regional Jet CRJ-200, operated by SkyWest as Delta Connection flight number DL3962 from South Bend, Indiana (KSBN) to Detroit, Michigan (KDTW).

8. Upon information and belief, the CRJ-200 flown as DL3962 was operated by Defendants John and/or Jane Does 1 and 2, the Captain and First Officer of the aircraft.

9. Upon information and belief, the CRJ-200 flown as DL3962 was maintained by Defendants John and/or Jane Does 3 through 10, Defendant's maintenance personnel or other personnel who were responsible for overseeing maintenance of the aircraft.

10. Upon information and belief, Defendants John and/or Jane Does 1 and 2 were Federal Aviation Administration ("FAA") certificated pilots and employees of Defendant SkyWest Airlines, Inc., for whom SkyWest was responsible for training and supervising.

11. Upon information and belief, Defendants John and/or Jane Does 3 through 10 were Federal Aviation Administration ("FAA") certificated airframe & powerplant mechanics and/or maintenance personnel and employees of Defendant SkyWest

Airlines, Inc., for whom SkyWest was responsible for training and supervising.

12. Under the doctrine of *respondeat superior*, the actions or inactions of Defendants John and/or Jane Does 1 through 10 are the actions or inactions of and imputed to Defendant SkyWest Airlines, Inc.

13. After DL3962's touchdown and rollout on the runway at KDTW, the Pilot in Command of the aircraft attempted to exit the active runway via the high speed taxiway when the aircraft's nosewheel steering failed and caused the aircraft to run off the active runway and/or taxiway.

14. Upon information and belief, the aircraft's nosewheel failure was not a new event amongst SkyWest's aging fleet.

15. Upon information and belief, Defendant SkyWest has other reports of the same or similar nosewheel failure events on the same model airframes in its fleet.

16. Upon information and belief, and despite its knowledge of the same or similar nosewheel failure events on its aircraft, SkyWest, among other things:

    a. Failed to warn its personnel, including flight crew and maintenance personnel, of the potential for these nosewheel failure events;

    b. Failed to train its personnel, including flight crew and maintenance personnel, on how to avoid these nosewheel failure events;

    c. Failed to train its personnel, including flight crew and maintenance personnel, on how to remedy or repair these nosewheel failure events;

    d. Failed to warn its passengers of the potential for these nosewheel failure

      events; and

    e. Failed to warn its passengers of the potential injury from these nosewheel failure events.

17. On this flight, Plaintiff Marc Ratner was seated in the first row of seats with the bulkhead in front of him. Plaintiff Marc Ratner also wore his lap belt at all times relevant herein. As the aircraft abruptly stopped, Plaintiff Marc Ratner was forcibly thrown forward and into the bulkhead, causing him serious injury.

18. As a result of the nosewheel steering failure, the aircraft was unable to taxi to the gate on its own and had to be towed from the taxiway to the airport gate so passengers could disembark.

19. As a further result of the forces suffered from the aircraft running off the taxiway and the abrupt stop, Plaintiff Marc Ratner suffered and continues to suffer from serious, debilitating injuries requiring medical treatment.

20. As a result of each Defendant's actions and/or inactions, separately or in concert, in causing this incident, Plaintiff Marc Ratner suffered significant, serious injuries requiring medical treatment.

21. As a result of his injuries from this incident, Plaintiff Marc Ratner incurred and continues to incur reasonable medical bills for medical treatment necessary to treat his injuries from the incident made basis of this lawsuit.

22. Because of his injuries from this incident, Plaintiff Marc Ratner also requires future medical treatment.

23. Because of his injuries from this incident, Plaintiff Marc Ratner is no longer able to work and has lost considerable past and future income.

24. As a further result of this incident, Plaintiff Marc Ratner suffered injuries, damages and losses in an amount determined by the finder of fact for: a) economic losses including but not limited to past and future loss of earnings, reasonable and necessary past and future medical and other expenses to treat related injuries; b) non-economic losses including but not limited to physical and mental pain and suffering, inconvenience, emotional stress and impairment of the quality of life; and c) permanent impairment and disfigurement.

25. As a further result of Marc Ratner's injuries from this incident, he must now rely on his wife, Susan Ratner to care for him and assist him or perform for him many activities of daily living.

## **FIRST CLAIM FOR RELIEF**
(Negligence – All Defendants)

26. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint for Damages by reference as is fully set forth herein.

27. At the time and location described above, Defendant SkyWest had a duty to ensure DL3962 was operated in a safe, careful manner.

28. At the time and location described above, Defendant SkyWest also had a duty to ensure its aircraft was maintained properly and in accordance with FAA and the aircraft manufacturer's maintenance requirements.

29. At the time and location described above, Defendant SkyWest had a duty to ensure their respective employees and/or agents were properly trained, supervised, and not negligent, including but not limited to in their respective flight and maintenance operations.

30. Instead, Defendants' employees and/or agents, more particularly the flight crew named as John and/or Jane Doe 1 and 2 operated Defendants' aircraft in a careless and negligent manner that caused injuries to Plaintiff or other passengers.

31. Alternatively, at the time and location described above, Defendant SkyWest had a duty to ensure their respective employees and/or agents were properly warned, trained, and not negligent, including but not limited to in their respective flight and maintenance operations, particularly with regard to the potential for nosewheel failures the same or similar to the failure causing the incident made basis of this lawsuit.

32. Instead, Defendant SkyWest failed to warn and/or train its employees and/or agents, including its pilots and maintenance personnel, of the potential for its aircraft to have nosewheel failures, how to avoid those failures, and/or how to remedy those failures.

33. Additionally, Defendant SkyWest, despite knowing of the risk of nosewheel failures, failed to find a solution to prevent or guard against the potential for its aircraft to have nosewheel failures.

34. Further, Defendant SkyWest, despite knowing of the risk of nosewheel failures, failed to warn its passengers, including Marc Ratner, of the risk of nosewheel or other aircraft failures that could or would cause serious bodily injury to its passengers.

35. As a direct and proximate result of the above-described negligence, separately or taken together, Plaintiffs have suffered injuries, damages, and losses more fully described above.

## SECOND CLAIM FOR RELIEF
(Negligent Hiring, Negligent Retention, Negligent Training and Negligent Supervision –SkyWest Airlines, Inc.)

36. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint for Damages by reference as is fully set forth herein. Subject to and without waiving the foregoing cause of action, Plaintiffs further allege as follows:

37. Defendant SkyWest Airlines, Inc. negligently hired, employed, trained, and/or supervised defendants John and/or Jane Doe 1 through 10 as its employees at the time of Plaintiff's injuries.

38. Defendant SkyWest Airlines, Inc. knew or should have known that defendants John and/or Jane Doe 1 and 2 were likely to operate the aircraft in an unsafe manner that could lead to injury of its passengers.

39. Defendant SkyWest Airlines, Inc. knew or should have known that defendants John and/or Jane Doe 3 through 10 were likely to improperly maintain the aircraft, in a manner that could lead to injury of its passengers.

40. Defendant SkyWest Airlines, Inc. is liable for plaintiff's injuries for negligently hiring, retaining, training, and supervising defendants John and/or Jane Doe 1 through 10 despite having known or should have known their actions and inactions were likely to lead to incidents such as the one made basis of this lawsuit and thereby causing injuries to passengers such as Plaintiff, as more fully described in this complaint.

### THIRD CLAIM FOR RELIEF
(Loss of Consortium for Susan Ratner – All Defendants)

41. Subject to and without waiving for foregoing causes of action, Plaintiffs hereby incorporate all preceding paragraphs of this Complaint for Damages by reference as is fully set forth herein.

42. As shown herein, Defendants' actions and/or inactions were negligent and Defendants' conduct, individually and in concert, caused Plaintiff Marc Ratners injuries, harms, and losses.

43. Plaintiffs Susan Ratner and Marc Ratner are currently married and were married at all times relevant to this lawsuit.

44. As a result of the injuries, damages, and losses to Marc Ratner, Plaintiff Susan Ratner experienced a loss of consortium.

45. Susan Ratner's loss of consortium includes noneconomic damages for loss of affection, society, companionship, aid, and comfort of Marc Ratner.

46. Susan Ratner also sustained economic damages because of Marc Ratner's inability to work and provide income to the household, as well as a loss of household services

that Marc Ratner would have performed had he not been injured in this incident and any resulting expenses which Susan Ratner incurred on account of Marc Ratner's injuries.

## PRAYER

WHEREFORE, Plaintiffs Marc Ratner and Susan Ratner pray for an Order entering judgment in their favor and against Defendant SkyWest Airlines, Inc., and John and/or Jane Doe 1-10, jointly and severally, for their general and special damages, past, present, and future in an amount to be determined by the factfinder with pre-judgment interest from February 2, 2019 and post-judgment interest as allowed by law on said judgment, expert witness fees, filing fees, deposition expenses, attorneys fees, for a trial by jury pursuant to Rule 38, and for any such other relief as this Court may deem just and appropriate including all costs.

Dated: April 18, 2023.

**BURNHAM LAW FIRM, PC**

/s/ *Christopher K. Gilbert*
Christopher K. Gilbert (*pro hac vice*)
Randall Gause (*pro hac vice*)
*Attorneys for Plaintiff*

**STEELE ADAMS HOSMAN**

/s/ *Alyssa J. Wood*
Jeffrey J. Steele
Justin M. Hosman
Alyssa J. Wood
*Attorneys for Plaintiff*